UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20321-CR-SEITZ

UNITED STATES OF AMERICA

vs.

FERNANDO BLENGIO CESENA,
    a/k/a "Luis Fernando Bertulucci Castillo,

    Defendant.
_____/

### GOVERNMENT'S OBJECTIONS TO THE PRESENTENCE REPORT OF THE DEFENDANT FERNANDO BLENGIO CESENA

The United States of America, through the undersigned Assistant United States Attorney, hereby files these Objections to the Presentence Report of defendant Fernando Blengio Cesena, a/k/a "Luis Fernando Bertulucci Castillo."

**A.  Procedural Background**

On May 6, 2011, a federal grand jury returned a multi-count indictment against the defendant. Mr. Blengio is charged in count 1 with conspiring to manufacture and distribute a controlled substance knowing that the controlled substance would be imported into the United States; in count 2 with conspiracy to possess with intent to distribute cocaine while on board a U.S. registered aircraft; and in counts 3 through 5 with obtaining an owner's certificate of registration by falsifying and concealing the true owner of the aircraft.

Mr. Blengio was arrested on July 7, 2011, in the Dominican Republic and expelled to the United States on July 9, 2011.

### B. Factual Background

Mr. Blengio began cooperating with law enforcement as soon as he was arrested and continued to cooperate once he arrived in the United States. Moreover, his cooperation was in depth and covered a significant range of drug trafficking activities both of his own and others. From July 2011 until late October or early November 2011, Mr. Blengio's cooperation proceeded productively. However, at that time the undersigned learned, that contrary to instructions previously given to Mr. Blengio, he was communicating with third parties regarding his cooperation with law enforcement authorities. On November 21, 2011, the undersigned met with Mr. Blengio for the sole purpose of informing him that his cooperation would be terminated if he continued to communicate about his cooperation with anyone other than law enforcement authorities and his counsel, who at that time was Humberto Dominguez.

On this same date, November 21, 2011, Mr. Blengio met with law enforcement authorities from another District on behalf of the prosecution of a significant Mexican drug trafficker. Based upon reports regarding those debriefings, Mr. Blengio was potentially a witness if there was a trial of the Mexican drug trafficker. Proceedings before this Court were continued to allow for Mr. Blengio's cooperation in that matter to proceed further before he was sentenced.

In April 2012, the undersigned learned from a defense counsel that his client was aware of possible threats to Mr. Blengio and/or his family due to Mr. Blengio's cooperation against the Mexican drug trafficker. While investigating those threats, it came to the attention of law enforcement authorities in this matter that Mr. Blengio had continued to discuss his cooperation with persons outside of law enforcement despite the explicit and firm instruction otherwise. It was discovered that multiple witnesses were aware of most or all of the information that Mr.

Blengio was providing during cooperation. More troubling, it was learned that Mr. Blengio had offered to sell his testimony against the Mexican drug trafficker to others housed in the Federal Detention Center with him. Based upon, a recorded telephone call from the FDC and debriefings of two other persons, a third defendant was aware of the potential scheme to manufacture testimony and attempted to convey that scheme to defense counsel for the Mexican drug trafficker. The two cooperating witnesses confirmed the date and time of that call and that the third defendant knew of the testimony scheme from Mr. Blengio himself.

### C. Sentencing Guidelines

Pursuant to §3E1.1 of the Sentencing Guidelines, the Presentence Investigation Report, at paragraphs 46 and 47, recommend a reduction of the defendant's sentence for acceptance of responsibility. The report was prepared in February 2012. In light of the facts detailed above, the Government objects to the defendant receiving acceptance of responsibility. Based upon application note 4, "Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility of his criminal conduct." The application notes for § 3C1.1 provide examples of conduct which would support in enhancement for obstructing or impeding justice. More particularly, Note 4(B) committing, suborning or attempting to suborn perjury, and Note 4(I) other conduct prohibited by obstruction of justice provisions under Title 18, United States Code, Section 1511.

The conduct more fully described above would satisfy each of the examples described in Notes 4(B) and (I). By discussing his cooperation with other defendants in the FDC, Mr. Blengio negated the value of his own testimony and damaged the ability of the United States to prosecute certain of the cases in the future. By discussing his potential testimony against the

Mexican drug trafficker he created an impeachment issue which could have destroyed that prosecution had the government not been fortunate enough to have learned about it before he was listed or worse used as a government witness. By this conduct alone, Mr. Blengio obstructed justice, impaired the ability of the government to prosecute cases in which they received information from him, created the opportunity for perjury and lied about his activities when questioned by law enforcement. In addition, offering to inform others of the facts that he was expected to testify to created circumstance wherein he could sell that knowledge to others to create an opportunity for other witnesses to attempt to testify as if the information was known by them. All of the conduct has significantly impeded the mission of the United States and demonstrates his lack of acceptance of responsibility.

### D. **Conclusion**

For the foregoing reasons, the United States respectfully requests that this Court deny acceptance of responsibility to defendant Fernando Blengio Cesena, a/k/a "Luis Fernando Bertulucci Castillo."

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

By:  s/ Andrea G. Hoffman
      ANDREA G. HOFFMAN
      Assistant United States Attorney
      Court No. A5500855
      99 NE 4th Street
      Miami, Florida 33132
      Tel: (305) 961-9099
      Fax: (305) 536-7213

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 26, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                s/ Andrea G. Hoffman
                                                Andrea G. Hoffman
                                                Assistant United States Attorney