UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA                              CASE NO.11-CR-20321 SEITZ

    Plaintiff,

vs.

FERNANDO BLENGIO CESENA
    a/k/a "LUIS FERNANDO BERTULUCCI CASTILLO"

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S OBJECTIONS TO THE PRE-SENTENCE REPORT

The Defendant, **FERNANDO BLENGIO CESENA,** a/k/a "LUIS FERNANDO BERTULUCCI CASTILLO", by and through undersigned counsel hereby files his Response to the Government's Objections to the Pre-Sentence Report. In support of this Response the Defendant would state the following:

## FACTUAL BACKGROUND

Pursuant to the indictment in the above-styled case, the Defendant was arrested on July 7, 2011 in the Dominican Republic and expelled to the United States on July 9, 2011. Upon his arrest, the Defendant immediately began to cooperate with Law Enforcement and the United States Attorney's Office for the Southern District of Florida.

On November 29, 2011, the Defendant pled guilty to Counts II and III of the 5-Count indictment. The Sentencing was set for February 8, 2012 before this Honorable Court.

According to the Government's Objection to the Pre-Sentence Investigation Report, the Government was aware in November, 2011 that the Defendant was communicating with third-parties regarding his cooperation. At the time of the Sentencing on February 8, 2012, both the Government and the Defense requested the Defendant's sentencing be continued until June, 2012 in order for the Defendant to continue his cooperation.

The original Pre-Sentence Investigation in the above-styled case was sent to the parties on January 4, 2012. In that Pre-Sentence Investigation, Probation did not recommend a 3-Level decrease for Acceptance of Responsibility because no statement regarding

acceptance had been provided by the Defendant.  At a later time a statement regarding acceptance was provided by the Defendant and a revised Pre-Sentence Investigation Report, including a 3-Level decrease for Acceptance of Responsibility was provided by Probation on or about January 14, 2012.

No objections to the revised Pre-Sentence Investigation Report were filed by either the Government or the Defense.

According to the Government's Objection to the Pre-Sentence Investigation, in April, 2012, the Government became aware of the Defendant's conduct allegedly continuing to discuss his cooperation with others and offering to sell testimony against the Mexican drug trafficker Vincente Zambada.  Between April, 2012 and June 6, 2012, the date of sentencing, the Government filed no objection to the Pre-Sentence Investigation Report including no objection to the 3-Level decrease for Acceptance of Responsibility.

But for counsel's Motion to Continue the Sentencing of the Defendant, which was heard on June 6, 2012, the date the sentencing was to take place, the sentencing would have gone forward at that time with no objections from the Government to the Pre-Sentence Investigation Report.

Undersigned counsel entered as Co-Counsel in the case on June 6, 2012.

On July 24, 2012, this Honorable Court granted an Order allowing attorney Humberto Dominguez to withdrawal as Co-Counsel in the case.

Undersigned counsel, Dennis N. Urbano is the sole permanent counsel in the case for the Defendant.

All of the activity the Government is basing its objections on occurred months prior to undersigned counsel entering this case.

In reviewing the Pre-Sentence Investigation Report, undersigned counsel noticed that Probation had not recommended a 2-Level decrease pursuant to safety valve.  On Monday, July 23, 2012 undersigned counsel placed a phone call to Assistant United States Attorney Andrea Hoffman in an effort to speak to her to see whether or not something could be worked out regarding the safety valve issue.

On Tuesday, July 24, 2012, undersigned counsel spoke with Assistant United States

Attorney Andrea Hoffman and explained his desire to try and come to an agreement on the safety valve issue in order to avoid a long and contested hearing at Sentencing.

Undersigned counsel asked whether or not the Defendant had given a full and complete truthful statement regarding all information and evidence the Defendant had concerning the offense the Defendant was involved with. Instead of answering the question, Assistant United States Attorney Andrea Hoffman began to tell undersigned counsel about the Defendant's conduct, which she felt constituted a lack of acceptance of responsibility. The conversation ended with A.U.S.A. Andrea Hoffman telling undersigned counsel she would get back to him.

On July 25, 2012, undersigned counsel was contacted by A.U.S.A. Andrea Hoffman and told the Government would be filing an Objection to the Pre-Sentence Investigation requesting the 3-Level decrease for Acceptance of Responsibility not be given. She once again began to tell undersigned counsel of the conduct the Defendant allegedly participated in, which she felt should result in denial of the 3-Level decrease for acceptance.

On July 26, 2012 at 4:08 p.m., the Government filed an Objection to the Pre-Sentence Investigation Report requesting the Court deny the 3-Level decrease recommended by Probation for Acceptance of Responsibility.

## **ARGUMENT REGARDING UNTIMELY FILING OF PRE-SENTENCE INVESTIGATION REPORT**

According to the Government's Objection to the Pre-Sentence Investigation, the Government was aware of the Defendant's conduct, which forms the basis of their objection in April, 2012. Between April 2012 and June 6, 2012, the date of Sentencing, the Government filed no objections what so ever to the Pre-Sentence Investigation. But for counsel's appearance and the request for continuance on June 6, 2012, the Sentencing of the Defendant would have gone forward on June 6, 2012 without Objections to the Pre-Sentence Investigation by the Government.

Between June 6, 2012 and undersigned counsel's discussion with A.S.U.A. Andrea Hoffman on July 24, 2012, no objection to the Pre-Sentence Investigation Report was filed

by the Government. During undersigned counsel's conversation with A.U.S.A. Andrea Hoffman, in an effort to reach an agreement on the safety valve issue, undersigned counsel pointed out that the regardless of the Government's position, the Defendant at any time up until Sentencing could provide a written statement with all information and evidence the Defendant had concerning the offense. Upon providing this evidence it would be up to the Court, not the Government, to decide whether or not the Defendant qualified for safety valve.

It is interesting that subsequent to this conversation, the Government decided to file an Objection to the Pre-Sentence Investigation Report's recommendation of a 3-Level decrease for Acceptance of Responsibility. One can only speculate that after the conversation with undersigned counsel the Government, realizing the Defendant could very well qualify for safety valve, decided that they would hedge their bets to obtain a higher guideline range by filing an Objection to the 3-Level decrease for Acceptance of Responsibility. Rule 32(f)(1) clearly indicates that the parties must object to the Pre-Sentence Investigation Report within 14-days of receiving it. Objections are permitted outside of that time period for good cause shown. Not only has the Government not provided good cause for the untimely filing of the objection, but the circumstances clearly indicate that this is a vindictive attempt to obtain a higher guideline range once the Government realized it may not prevail on the safety valve issue.

The Defendant would request that the Court strike the Government's Objection to the Pre-Sentence Investigation Report as untimely and proceed with the Sentencing as scheduled on August 6, 2012.

## ARGUMENT REGARDING THE GOVERNMENT'S OBJECTION TO THE PRE-SENENTENCE INVESTIGATION REPORT

If the Court denies the Defendant's request to strike the Government's Objections to the Pre-Sentence Investigation, the Defendant would make the following argument.

The Government's objection contains nothing more than allegations being made by the Prosecutor. It is tantamount to undersigned counsel filing a response stating that the Government's allegations are untrue. It is not what the attorneys allege that the Court uses to

4

make a ruling on the objection. It is what the witnesses referred to by the attorneys will actually testify to.

It is impossible to present a defense to allegations such as, "It came to the attention of law enforcement authorities in this matter that Mr. Blengio had continued to discuss his cooperation with persons outside of law enforcement…" Who brought this to the attention of law enforcement? What exactly did they say? What is the credibility of the person who brought this to the attention of law enforcement? These are the questions that must be answered in order for the Court to make a fair and impartial determination as to whether the Government's objection is valid. Allegations such as, "It was discovered that multiple witnesses were aware of most or all of the information that Mr. Blengio was providing during the cooperation" are indefensible. How did the Government discover it? Who brought this to the Government's attention? What is that individual's situation? Is he a cooperating witness who may have an interest in currying favor with the Government? Did that individual hear this information first-hand or is he repeating hear-say? All of these questions must be answered in order for the Court to have the tools to determine the validity of the Government's objections.

The Government refers to a recorded telephone call from FDC, which has been provided to Defense Counsel. The call is by an inmate, not the Defendant. The inmate is talking to the attorney for Vicente Zambada, referred to as a Mexican drug trafficker in the Government's objection. The inmate is asking the attorney to visit him at FDC, Miami. The inmate tells the defense attorney that he has information regarding two Colombians and a Mexican who will be witnesses against his client at trial.

The Government goes on to state that two cooperating witnesses confirm the date and time of the call. Again the Government makes this allegation without any information about these alleged cooperating witnesses. The Government then states that a third defendant knows of the testimony scheme from Mr. Blengio himself. It is impossible to present a defense to this allegation by the Government without knowing who the witness is and the details of what he is saying.

Undersigned counsel is now in position where he must defend against vague

allegations by the Prosecutor without knowing the source, the credibility of the source, is it first-hand knowledge or hear-say and what, if any benefit these sources may gain.

If the Court were to deny the Defendant request to strike the Government's Objection, the Defendant requests the following:

1. The Sentencing be continued for 90-days to provide Defense Counsel sufficient time to investigate and prepare a defense to the last-minute allegations alleged in the Government's Objections.
2. The Court unseal the proceedings of February 8, 2012 so the Defendant can obtain a transcript of those proceedings.
3. The Court order that the Government identify the individuals referred to in the Government's objection to the Pre-Sentence investigation.
4. The Government turn over any and all reports of interviews of the individuals referred to in the Government's objections.
5. The Government provide any and all recordings of the Defendant or these individuals concerning the matters alleged in the Government's objection within the possession or control of the Government.

## **CONCLUSION**

The Defendant has now been put into a position where it is impossible to investigate and prepare a Defense to the Government's allegations in time for the August 6, 2012 Sentencing. In addition, previous Defense attorney, Humberto Dominguez, who will be called as a witness if the Government's Objection is litigated, will be unavailable on August 6, 2012 because of a Sentencing which is scheduled in Jacksonville, Florida. The Defendant would urge that the Court strike the Government's Objection to the Pre-Sentence Investigation as untimely. In the alternative, the Defendant would urge the Court to grant the Defendant's request for relief presented in this response.

Respectfully submitted,

s/ Dennis N. Urbano
DENNIS N. URBANO, ESQUIRE

6

>FLORIDA BAR NO. 221872
>On behalf of **FERNANDO BLENGIO CESENA**
>11440 N. Kendall Drive
>Penthouse 400
>Miami, Florida 33176
>(305) 595-0866
>durbano@bellsouth.net

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was electronically filed with the Clerk of the Court using CM/ECF on this 1st day of August, 2012.

>s/ Dennis N. Urbano
>DENNIS N. URBANO, ESQUIRE