UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE.: 11-20321-CR-SEITZ

FILED by _____ D.C.
AUG 01 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES OF AMERICA,
        PLAINTIFF,

VS.

LUIS FERNANDO BERTULUCCI CASTILLO
        DEFENDANT,
_____/

## MOTION TO WITHDRAW PLEA

**COMES NOW**, the defendant in the above style case (movant) hereby files this Motion to Withdraw plea in the above style in case in pursuant of Federal Rule of Criminal Procedures Rule 11(d)(2)(B). The defendant hereby move this Honorable Court with intention to withdraw his guilty plea, which the defendant had previously plead guilty, in which this court have jurisdiction over the above style case.

### INTRODUCTION

On **July 7, 2011** the defendant, a Mexican citizen, was detained by local police in the Dominican Republic and was handed over to The United States Drug Enforcement Agency agents. The defendant was then transported from the Dominican Republic to Miami on a commercial flight and was then transported to FDC Miami, where he was detained.

At arraignment, the defendant was represent by the Federal Public Defender Office and which he plead not guilty to count 1-5. See (DE-12). The defendant advise the Court that "with access to a phone he

would be able to hire an attorney". The Court found that the defendant was a flight risk (DE-12) a detention order was issued, and the defendant was denied bond, and recommended to remained in the custody of the United States Marshalls, housed at a Bureau of Prison (FDC MIAMI) to await trial. After making such finding the Court appointed Assistant Federal Public Defender Helaine Blythe Batoff to represent Mr. Castillo. See (DE-15).

The defendant was unable to research for an attorney, in which through another inmate was referral to Mr. Humberto Dominguez. Mr. Dominguez was appointed "thereafter" (DE-17).

## AUGMENT

During the time leading to the guilty plea. The defendant received inadequate legal representation from Mr. Dominguez. Mr. Dominguez failed to properly provide legal documents (i.e., discovery), failed to file motions on the defendant behalf and failed to properly, effectively and zealously represent the defendant.

The Supreme Court has held that Sixth Amendment right to counsel

> "does not simply start with the initiation of adversary
> judicial proceedings and then require counsel's
> assistance at every step in the criminal prosecution
> thereafter. Rather, the right demands that the assistance
> of counsel be available only at the "critical stages"
> in the criminal prosecution those steps at which
> substantial rights of accused may be affect "by counsel's
> absence." **Mempa V. Rhay,** 398 U.S. 128, 88 S. Ct. 254,
> 19 L.Ed.2d 336 (1967).

The defedant, meeting Mr. Dominguez for the first time, rush through the meeting with Assistant United States Attorney Andrea G. Hoffman. Ms. Hoffman nor Mr. Dominguez knew the defendant true name and Ms.

Hoffman did not believe who the defendant said he was, and informed Mr. Dominguez that "proving his identity would be Mr. Dominguez first job"; The DEA agents was able to confirm the identity of the defendant.

Ms. Hoffman stated that "against her own better judgement that she would make me a very good deal if he cooperated. Mr. Dominguez told the defendant to cooperate and the defendant proceed. The defendant was debriefed by numerous agency (F.B.I, D.E.A, I.C.E) and other prosecutors on different occasions. My cooperation lead to airplanes seizures, criminal captured, and also lead to numerous indictment. Mr. Dominguez also coerce the defendant to cooperate with the Government, and stated that pleaing guilty is the best thing to do.

The defendant request that Mr. Dominguez produced discovery. Mr. Dominguez insists that such actions will make the Government angry. Mr. Dominguez inform the defendant that the Government would recommend an excellent sentence reduction. Thereafter the defendant plea guilty on October 4, and wrote an Acceptance of Responsibility Statement. Mr. Dominguez did not correctly inform the defendant of United States Sentencing Guidelines. It appears the Mr. Dominguez was concerned with pleasing the Government than the defendant.

The defendant, though was not properly informed which resulted in comprehending the dynamics of the circumstance erroneously, which lead the defendant to plea guilty. Mr. Dominguez pressured and coerces the defendant to plea guilty, in which was not "voluntary".

Federal Criminal Rules of Criminal Procedures Rule 11 states that "[a] defendant may withdraw a plea of guilty ... after the court accepts the plea, but before it imposes sentence if ... the defendant

can show a fair and just reason for requesting the withdrawal. **Fed. R. Crim. P. 11 (d)(2)(B)**. The decision on whether to permit a defendant to withdraw a plea of guilty on basis of a "fair and just" reason is committed to the discretion of the court and will not be reversed except for an abuse of discretion. **United States V. Vallery,** 108 F.3d 155, 158 (8th Cir. 1997); **United States V. Gray,** 63 F.3d 57, 59 (1st Cir. 1995); **United States V. Grant,** 117 F.3d 788, 790 (5th Cir. 1997); **e.g., United States V. Killingsworth,** 117 F.3d 1159, 1161-1161 (10th Cir. 1997). When deciding whether to grant a motion to withdraw a guilty plea, "the district court may consider the totality of the circumstance the plea ... includ[ing] **(1)** whether close assistance of counsel was available ("the defendant was never given discovery, counsel failed to even file an a suppression hearing"); **(2)** whether the plea was knowing and voluntary ("the defendant was under great duress and coerce by Mr. Dominguez") **(3)** whether judicial resources would be conserved ("the United States deficient would not be greatly impacted by this case); **and (4)** whether the government would be prejudice if the defendant were allowed to withdraw his plea ("the government would not be prejudice because it would not take no more than 3 days to try this case")." **United States V. Bukles,** 843 F. 2d 469, 471-72 (11th Cir. 1988).

The Eleventh Circuit has held that,

> "a guilty plea is not knowing and voluntary if a
> defendant does not receive reasonably effective assistance
> of counsel in connection with the decision to plea
> guilty. **United States V. Moore,** 194 Fed. Appx. 630
> (11th Cir. 2006)."

A guilty plea is not a constitutionally acceptable basis for a conviction unless that plea is "voluntary." This voluntariness

requirement has been imposed pursuant to the due process clause. **Waley V. Johnston,** 316 U.S. 101, 62 S. Ct 964, 86 L.Ed.2d 1302 (1942). "A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving ... or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." **Gaddy V. Linahan,** 780 F.2d 935, 943 (11th Cir. 1986)(citation omitted).

The defendant bears a burden of demonstrating valid grounds for relief **United States V. Torres,** 129 F.3d 710, 715 (2d Cir. 1997); **United States V. Brewster,** 137 F.3d 853, 857-58 (5th Cir. 1988); **United States V. Rogers,** 848 F.2d 166, 168 (11th Cir. 1988).

The defendant assert that Mr. Dominguez was lazy, unprofessional, and unethical. For as a counsel that is licence by the Florida Bar to behave in "just cooperate" matter should be closely paid attention to. It is bizarre that Mr. Dominguez would not provide the defendant with discovery, investigate, or if file a Motion to Suppress to contest the government allegation. Mr. Dominguez failed to bring to the court attention that the United States does not have jurisdiction over the defendant. For under International Treaty a Mexican citizen once arrested, have to contact a Mexican embassy and be provided legal defense, be deported back to Mexico, and then will be extradited by the United States Government. It is obvious that "no competent counsel would have taken such action as Mr. Dominguez see **Gordan V. United States,** 518 F.3d 1291, 1301 (11th Cir. 2008); **United States V. Freixaz,** 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting **Brownlee V. Haley,** 306 F.3d 1043, 1059 (11th Cir. 2002).

It is well established than that in accepting a guilty plea, a court

must ensure (1) the defendant's guilty plea is voluntary and free from coercion; (2) that the defendant understands the nature of the charges; and (3) that the understands the direct consequences of his guilty plea. **United States V. Monroe,** 353 F.3d 1346 (11th Cir. 2003). See **United States V. Brown,** 117 F.3d 471 (11th Cir. 1997)(the court reversed the denial of the plea which was not knowingly and voluntarily, due to ineffective counsel"). See also **United States V. Cooks,** 461 F.3d 530 (5th Cir. 1972); **United States V. Hammond,** 5238 F.2d 15 (4th Cir. 1975); **Marrow V. United States,** 772 F.2d 525 (9th Cir. 1984); **United States V. George,** 869 F.2d 333 (7th Cir. 1988).

## CONCLUSION

The Eleventh Circuit have held that a guilty plea is not knowing and voluntary if the defendant does not receive "reasonable effective assistance of counsel in connection with the decision to plea guilty." **McCory V. Wainwright,** 804 F.2d 1196, 1198 (11th Cir. 1986). Showing that counsel's performance prejudicial his defense such that the reliability of the result is undermined **Hill V. Lockhart,** 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). "[W]here the alleged error counsel is the failure to advise the defendant of a potential affirmative defense to the crime charges, the resolution of the defense likely would have succeed at trial." **McCory,** 804 F.2d at 1199 (quoting **Hill,** 474 U.S. at 59, 106 S. Ct at 371).

## RELIEF

The defendant is entitled to relief due to the relevant factor of

the performance of Mr. Dominguez. The defendant at this time is pursuing civil charges against Mr. Dominguez and such representation will be a conflict of interest. The defendant is also requesting an evidentiary hearing to present an oral argument before before the court.

### CERTIFICATION OF SERVICE

I **HEREBY CERTIFY** that the foregoing is a true and correct copy that was mail/hand delivered through the United States Postal Office to the **United States Clerk of Courts, Southern District of Florida, Miami, FL 33128** on this **30** day of **July, 2012.**

*/s/ signature*
LUIS FERNANDO BERTULCCI CASTILLO
FERNANDO BLENGIO CESTA