UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20321-CR-SEITZ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LUIS F. BERTULUCCI CASTILLO
t/n: Fernando Blengio-Cessena

       Defendant.

_____/

**OBJECTIONS TO PRESENCE REPORT AND
REPLY TO GOVERNMENT'S OBJECTIONS**

The defendant, Fernando Blengio-Cessena ("Blengio"), by and through his undersigned counsel, files these Objections to Presentence Report (PSI) and Reply to Government's Objections.  As grounds therefore, it is submitted that:

**Objections to PSI**

The defendant objects to the PSI as follows:

***Safety Valve***

The PSI is silent on the issue of whether Blengio is entitled to a two (2) point reduction in his offense level for safety valve.  See U.S.S.G.§2D1.1(b)(16).  It is submitted that he is entitled to this reduction.

U.S.S.G. §5C1.2 (a) states as follows:

799 Brickell Plaza · Suite 606 · Miami, FL 33131 · Tel: (305) 358.7400 · Fax: (305) 358.7222
www.harrymsolomonlaw.com · hmslaw@bellsouth.net

§5C1.2.   Limitation on Applicability of Statutory Minimum Sentences in Certain Cases

(a)  Except as provided in subsection (b), in the case of an offense under 21 U.S.C. § 841, § 844, § 846, §960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below:

(1)  the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3)  the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5)   not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that he defendant has complied with this requirement.

Blengio qualifies for safety valve under the criteria of the guideline.  (1) He does not have more than one (1) criminal history point; (2) he did not use violence or credible threats of violence or possess a firearm or other dangerous weapon; (3) the offense did not result in death or serious bodily injury to any person; (4) Blengio was not an organizer,

2

leader, manager or supervisor of others in the offense and finally; (5) Blengio truthfully provided to the government all information and evidence he had concerning the offense or offenses that were part of the same course of conduct or common scheme or plan.

It should be noted that in the Plea Agreement (Document #28) entered into between the parties, paragraph 10 b. (Specific Offense Characteristics) specifically states that the parties agree that "the specific offense characteristics listed in 2D1.1(b)(1)-(5) are inapplicable to this case".   The absent specific offense characteristics located in 2D1.1(b)(1)-(5) parallel in many respects the criteria found in U.S.S.G.§5C1.2(a).

It is further noted that on November 29, 2011, the same day that Blengio signed the Plea Agreement and pled guilty pursuant thereto, he also signed a detailed "Factual Proffer" (Document #29) in which he fully admitted his involvement in this crime.  Indeed, based on past statements made by the Government to the Court, it is clear that Blengio has on more than one occasion truthfully disclosed his full involvement in this case.

By its language §5C1.2(a)(5) is specifically restricted to "information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan…" It does not apply to separate areas of cooperation testimony. [1]

---

[1]  The Government will surely assert that Blengio committed certain improprieties with regard to cooperation matters during the course of his efforts to gain reductions for cooperation under U.S.S.G.§5K1.1 and/or Fed.R.Crim.P. Rule 35 (b).  However, there has never been an allegation that he failed to disclose his full involvement in the crime to which he pled.

799 Brickell Plaza · Suite 606 · Miami, FL 33131 · Tel: (305) 358.7400 · Fax: (305) 358.7222
www.harrymsolomonlaw.com · hmslaw@bellsouth.net

It is clear that under the law of this Circuit, the defendant has the burden to prove entitlement to safety valve.  *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997), *United States v. Milkintas*, 470 F.3d 1339, 1345 (11th Cir. 2006). It is further clear that the applicable burden of proof is "preponderance of the evidence".  See *United States v. Gales*, 603 F.3d 49 (D.C. Cir. 2010). It is submitted that at the sentencing hearing, Blengio will be able to establish his entitlement to a safety valve reduction based on the above applicable facts and tests. Accordingly, he objects to the failure of the PSI to accord him a two (2) point reduction for safety valve pursuant to U.S.S.G. §2D1.1(b)(16).

## Reply to Government's Objections

Blengio further replies to the Government's Objections to the PSI (Document #39) filed on July 26, 2012 seeking to deprive him of 2 points for Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1.

### *Acceptance of Responsibility*

In order to properly understand and determine this issue, it is necessary to consider certain background facts.  Blengio pled guilty on November 29, 2011.  On January 3, 2012 the original PSI was disclosed to both parties.  Prior to February 1, 2012, Blengio provided a statement of acceptance of responsibility to the probation office.  Accordingly, at the time of the filing of the first "Addendum to the Presentence Report", the probation office awarded Blengio a 3 level reduction for acceptance of responsibility.  See Addendum to the Presentence Report of February 1, 2012.

799 Brickell Plaza · Suite 606 · Miami, FL 33131 · Tel: (305) 358.7400 · Fax: (305) 358.7222
www.harrymsolomonlaw.com · hmslaw@bellsouth.net

On July 26, 2012, the Government filed its "Objections to the PSI" (Document #39) seeking to revoke the 3 points for acceptance of responsibility previously awarded. On August 3, 2012, three days prior to the scheduled sentencing date (August 6, 2012), the probation officer filed the "Second Addendum to the PSI". In recognition of the Government's Objection and indication that it would not be filing a motion to grant the third point for acceptance, the probation officer removed the third acceptance point. However, the probation officer refused to remove the 2 points for acceptance pursuant to 3E1.1(a) on the grounds, as noted in the PSI and Second Addendum, that Blengio had "timely provided an acceptance of responsibility statement as to his conduct in the instant offense."

While the defense unfortunately cannot contest the revocation of the third acceptance point, since Application Note 6 to §3E1.1 requires a government motion, the government has no legal basis to override the finding of the probation officer and to remove the 2 points for acceptance pursuant to U.S.S.G. §3E1.1(a).

> Application Note 1 (A) sets forth the main criteria for the 2 point reduction as:
>
> truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection….

799 Brickell Plaza · Suite 606 · Miami, FL 33131 · Tel: (305) 358.7400 · Fax: (305) 358.7222
www.harrymsolomonlaw.com · hmslaw@bellsouth.net

Application Note 3 states:

> Entry of a plea guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) (see Application Note 1(A)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a).  However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.  A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

Whereas the Government may be unhappy with the defendant's conduct pursuant to his attempts to cooperate, it is not debatable that he accepted responsibility with regard to his conduct within this offense.  Therefore, he is entitled to a two (2) point reduction for acceptance of responsibility.

Pursuant to Application Note 5, it is up to the sentencing judge "to evaluate a defendant's acceptance of responsibility."  See also *United States v. Howard*, 923 F.2d 1500 (11th Cir. 1991), *United States v. Sanchez-Corcino*, 85 F.3d 549 (11th Cir. 1996) overruled on other grounds *Bryan v. United States*, 524 U.S. 184, 118 S.Ct. 1939 (1998).

As stated in its Objections, the legal basis for the Government's argument is that under Application Note 4, Blengio is disqualified.  However, a reading of the Application Note reflects that it does not support the Government's position.  That Note provides as follows:

> Conduct resulting in an **enhancement** under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.
> (Emphasis added).

6

In this case, the probation office has not given Blengio an enhancement under §3C1.1 in the PSI. Accordingly, regardless of whether the Government is unhappy with Blengio's conduct on the separate issue of cooperation, he should not lose the two points for acceptance of responsibility.

Respectfully submitted,

HARRY M. SOLOMON, P.A.
799 Brickell Plaza, Suite 606
Miami, Florida 33131
(305) 358-7400/ Fax (305) 358-7222

/s/ *Harry M. Solomon*
HARRY M. SOLOMON
Florida Bar No. 221511
hmslaw@bellsouth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **November 29, 2012**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

/s/ *Harry M. Solomon*
HARRY M. SOLOMON

799 Brickell Plaza · Suite 606 · Miami, FL 33131 · Tel: (305) 358.7400 · Fax: (305) 358.7222
www.harrymsolomonlaw.com · hmslaw@bellsouth.net